J.I. CASE CORPORATION, d/b/a Case Power and Equipment, Appellant,

v.

Earl Dean WILLIAMS, Individually and d/b/a Williams Land Company, Inc., Appellees.

Supreme Court of Tennessee, at Jackson.

April 27, 1992.

Robert A. Wampler, Cary R. Califf, Memphis, for plaintiff-appellant.

Fletcher Long, Jr., Forrest City, Ark., James T. Allison, Memphis, for defendants-appellees.

## OPINION

REID, Chief Justice.

Permission to appeal was granted in order to review the decision of the Court of Appeals that the trial court did not have *in personam* jurisdiction over the nonresident defendant in this suit for the reformation

of a contract between the parties. The record shows facts sufficient to support the trial court's finding of jurisdiction.

The seller, J.I. Case Corporation (Case), d/b/a Case Power and Equipment, operates a farm equipment business in Memphis, Shelby County, Tennessee. Case sells to farmers and other customers throughout the mid–South. The defendant, Earl Dean Williams, owns and operates a farming business in St. Francis County, Arkansas, located approximately 50 miles from Memphis. Williams purchases at retail from Case and other Memphis dealers various services, supplies, and equipment used in his farming operation.

In September 1988, while attending the Mid–South Fair in Memphis, Williams met John Vogel, Case's sales representative assigned to the area that includes St. Francis County. Subsequently, on one of Vogel's several visits to Williams' farm, Williams indicated an interest in purchasing a land excavator, which is a large piece of farm equipment. In February 1989, Williams and Vogel reached an agreement for the purchase of a particular used excavator. The parties executed a written "purchase order" showing the purchase price of $78,-000 and the allowance of $25,000 for a trade-in. The parties then executed a "lease agreement" whereby Williams agreed to make an advance rental payment of $12,000 and four annual rental payments of $12,607.95 each. The total payments included the balance of the purchase price plus finance charges for the four-year term of the lease. These instruments were prepared and executed by the seller in Memphis and subsequently executed by Williams in Arkansas. The financing of the rental payments representing the balance due on the purchase price was financed by a company affiliated with Case located in Memphis, and payments were to be made to the Memphis office. The parties also entered into a warranty agreement whereby Case agreed to provide certain repair services and parts needed to keep the excavator in operation.

After a controversy developed regarding the amount of the lease payments, Case filed suit in the chancery court at Memphis seeking reformation of the agreement with regard to the balance due. When the trial court refused to dismiss the complaint for lack of jurisdiction over Williams, Williams filed a counterclaim seeking reformation of the agreement with regard to the ownership of the equipment upon payment of the final lease payment. The trial court found there existed a mutual mistake of fact between the parties upon the execution of the agreement, as indicated by the seemingly inconsistent terms of the two instruments, and ordered that the agreements be reformed and that both parties be granted the relief sought.

The Court of Appeals reversed the judgment of the trial court, holding that the trial court did not have *in personam* jurisdiction over Williams. The Court of Appeals relied on the United States Supreme Court's decision in *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), in holding that assertion by the trial court of *in personam* jurisdiction over Williams violated the Due Process Clause of the United States Constitution.

The Tennessee long-arm statute, T.C.A. § 20–2–214(a), pursuant to which the defendant was served with process, provides in pertinent part,

(a) Persons who are nonresidents of Tennessee ... are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

. . . .

(6) any basis not inconsistent with the constitution of this state or of the United States....

This statute reaches as far as the Due Process Clause of the Fourteenth Amendment permits; consequently, the issue is whether the assertion of *in personam* jurisdiction is consistent with due process. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 104 S.Ct. at 1871–72.

■ In determining whether a state can assert long-arm jurisdiction, due process requires that a nonresident defendant be subjected to a judgment *in personam* only if he has such minimum contacts with the

foreign state that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.E. 95 (1945); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 564, 62 L.E.2d 490 (1980); *Masada Investment Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985). In *Burger King Corp.* the Supreme Court, quoting Justice Stevens, stated that the Due Process Clause requires " 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign.' " 100 S.Ct. at 2182 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens, J., concurring in judgment)).

For a court to exercise general *in personam* jurisdiction over a nonresident defendant without violating the requirements of the Due Process Clause, the proof must show that the defendant maintains "continuous and systematic" contacts with the foreign state, and those contacts "give rise to the liabilities sued on." *International Shoe*, 326 U.S. at 317, 66 S.Ct. at 159. The Court of Appeals, in holding that the assertion of jurisdiction over Williams in this case violates federal due process, found that

> Case has simply failed to show that Williams purposefully availed himself of the privilege of conducting any activities within Tennessee and the record reflects Williams engaged in no actions himself that would create a substantial connection with Tennessee.

Alone, the limited purchases made by Williams in Tennessee are not enough to warrant Tennessee's assertion of general jurisdiction over Williams in a cause of action not related to those purchase transactions. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 104 S.Ct. at 1874.

However, in the absence of general jurisdiction resulting from continuous and systematic contacts with the forum state, specific *in personam* jurisdiction still may be found when a commercial actor purposely directs his activities toward citizens of the forum state and litigation results from injuries arising out of or relating to those activities, *Burger King Corp. v. Rudzewicz*, 105 S.Ct. at 2182. The Supreme Court in *Burger King Corp.* explained,

> [W]ith respect to interstate contractual obligations, we have emphasized that parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to regulation and sanctions in the other State for the consequences of their activities. *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950). See also *McGee v. International Life Insurance Co.*, 355 U.S. 220, 222–223, 78 S.Ct. 199, 200–201, 2 L.Ed.2d 223 (1957).

105 S.Ct. at 2182 (footnotes omitted).

This Court in *Masada Inv. Corp. v. Allen*, 697 S.W.2d 332 (Tenn.1985), noted that the addition of subsection (6) to T.C.A. § 20–2–214, which expanded the jurisdiction of Tennessee courts to the full limit allowed by due process, changed the long-arm statute from a "single act" statute to a "minimum contacts" statute. 697 S.W.2d at 334. The Court stated that three primary factors are to be considered in determining whether the requisite minimum contacts were present, (1) the quantity of the contacts, (2) their nature and quality, and (3) the source and connection of the cause of action with those contacts, as well as two lesser factors to be considered, the interest of the forum state and convenience. Quoting from a Court of Appeals decision, the *Masada* Court said further,

> "The phrase 'fair play and substantial justice' must be viewed in terms of whether it is fair and substantially just to both parties to have the case tried in the state where the plaintiff has chosen to bring the action. In each case, the quality and nature of those activities in relation to the fair and orderly administration of the law must be weighed.... [T]his must involve some subjective value judgment by the courts."

697 S.W.2d at 335 (quoting *Shelby Mut. Ins. Co. v. Moore,* 645 S.W.2d 242, 246 (Tenn.App.1981)).

Considering Tennessee law, the United States Sixth Circuit Court of Appeals reaffirmed an earlier decision of that court, summarizing, as follows:

> In upholding the jurisdiction of a district court in Tennessee over a nonresident corporation the court in [*Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374 (6th Cir.1968),] concluded that several facts were immaterial; *e.g.,* where the contract was executed and whether any agents of the defendant were physically present in Tennessee. 401 F.2d at 382. On the other hand, the court emphasized that the nonresident defendant had entered into a contract which contemplated a continuous business relationship with the Tennessee plaintiff, and held that the state "has a continuing interest in this continuing relationship...." *Id.* at 385.

*Pickens v. Hess,* 573 F.2d 380, 385 (6th Cir.1978). The court in *Pickens* found that the mere employment of a Tennessee architect and a Tennessee builder did not establish a purposeful availment of benefits or privileges extended by the state of Tennessee. "No continuing business relationship was established with the Tennessee plaintiff and the defendants had no reason to believe that their contract with [the plaintiff] would have substantial consequences within Tennessee." *Id.* at 386. That court cited a case from this Court, *Darby v. Superior Supply Co.,* 224 Tenn. 540, 458 S.W.2d 423 (1970), in which the Court found the contacts between the defendant and Tennessee did not satisfy the "minimum contact" requirement. In *Darby,* the defendant merely had agreed over the telephone and by correspondence to purchase lumber in Tennessee and to send an agent to pick it up. However, in *Masada,* 697 S.W.2d at 332, the Court found sufficient minimum contacts to justify jurisdiction in Tennessee courts, although the defendant had never entered Tennessee and had no direct financial interest in the transaction that gave rise to the suit. The defendant in *Masada,* a real estate attorney practic-

ing in Texas, prepared the legal documents controlling the transfer of real property located in Tennessee and conversed with Tennessee attorneys regarding the sale. The Court stated that "[b]y wilfully and knowingly choosing to prepare legal documents which would be filed in Tennessee and be of great consequence here, [the defendant] purposely availed himself of the privilege of doing business within this state." *Id.* at 335.

■ The contacts with Tennessee in the case before the Court were much more substantial than those in *Masada.* Based on the standard set forth in *Burger King Corp.* and *Masada,* the contacts between Williams and the state of Tennessee in this case are sufficiently related to the cause of action alleged to permit the assertion of specific *in personam* jurisdiction over him. The initial contact between the parties occurred at Case's equipment exhibit at the fair in Tennessee; the instruments controlling the transaction between the parties were prepared and executed by Case in Tennessee; financing for the balance due under the agreement was furnished by a company located in Tennessee; the agreement executed by the parties contemplated that payments due under the agreement would be made in Tennessee; and parts and labor for the repair and maintenance of the equipment under the warranty agreement were to be furnished in or from Tennessee. The cause of action alleged deals directly with the relationship between the parties and their duties and rights under the instruments executed. These significant contacts by Williams with Tennessee relating directly to the underlying cause of action form an adequate basis for the assertion of jurisdiction. These contacts resulted in a continuing relationship between Williams and the State and are such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice and therefore does not violate the Due Process Clause of the United States Constitution.

The judgment of the Court of Appeals is reversed, and the case is remanded to the

trial court. Costs will be borne by the appellees.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.