IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 19, 2003 Session

SHELBY COUNTY HEALTH CARE CORPORATION, d/b/a REGIONAL
MEDICAL CENTER v. ALLSTATE INSURANCE COMPANY v.
WILLIAM GARY HOLT, GARY EUBANKS AND ASSOCIATES LAW
FIRM, and TERESA STIVERS

Interlocutory Appeal from the Circuit Court for Shelby County
No. 305908 T.D.     Kay S. Robilio, Judge

No. W2002-01439-COA-R9-CV - Filed August 28, 2003

This is an interlocutory appeal by the third party defendants challenging the trial court's decision that the state of Tennessee has personal jurisdiction over them. For the following reasons, we affirm the portion of the trial court's ruling with respect to Teresa Stivers and reverse with respect to William Holt and the Gary Eubanks and Associates Law Firm.

Tenn. R. App. P. 9; Interlocutory Appeal; Judgment of the Circuit Court Affirmed in Part
and Reversed in Part

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

John S. Golwen, John W. Campbell, Memphis, TN, for Appellants

John D. Richardson, Teresa A. Boyd, Memphis, TN, for Appellee

OPINION

Facts and Procedural History

On May 30, 1997, Teresa Stivers ("Ms. Stivers") was in a car accident that occurred in Craighead County, Arkansas. Ms. Stivers was taken to the Regional Medical Center ("the Med") in Memphis, Tennessee where she incurred $36,420.27 in medical bills. In Arkansas, Ms. Stivers retained William Gary Holt and the Gary Eubanks and Associates Law Firm ("The Attorneys") to represent her in a lawsuit against the driver of the other vehicle, Jesse Martin Ozbun. Allstate Insurance Co. ("Allstate") is Mr. Ozbun's liability insurer. On June 9, 1997, the Attorneys sent a

letter to the Elvis Presley Trauma Center requesting an itemized list. On June 26, 1997, the Med filed a hospital lien in the Shelby County Clerk's Office and mailed an Affidavit for Hospital Lien to the Attorneys and Ms. Stivers. On July 11, 1997, the Attorneys sent a letter to the Med requesting an itemized statement of services received by Ms. Stivers. On August 8, 1997, Allstate issued a $25,000 settlement check to Ms. Stivers and the Gary Eubanks and Associates Law Firm. On October 28, 1997, Ms. Stivers formally released Allstate and Mr. Ozbun from liability for the auto accident. On November 25, 1998, Allstate received actual notice of the hospital lien. The Med filed suit against Allstate alleging it had impaired its hospital lien on the medial expenses incurred by Ms. Stivers. Allstate brought a third-party complaint against the Attorneys and Ms. Stivers alleging "indemnity, contribution, subrogation, negligent misrepresentation, intentional misrepresentation, and negligence *per se* in violation of hospital lien law." The Attorneys and Ms. Stivers moved the trial court to dismiss for lack of personal jurisdiction over them. The trial court overruled this motion and exercised personal jurisdiction over the Appellants. The Appellants filed an application for an interlocutory appeal under Tennessee Rule of Appellate Procedure 9 that was granted by the trial court on June 5, 2002 and by this Court on August 12, 2002. Appellants present the following question for our review: whether the trial court erred in ruling that it had personal jurisdiction over Third-Party Defendants, William Gary Holt, Gary Eubanks and Associates Law Firm, and Teresa Stivers.

## Law and Analysis

Appellants, the Attorneys and Ms. Stivers argue that the trial court's exercise of personal jurisdiction over them under Tennessee's long arm statute was improper. We have previously discussed this statute, and the exercise of personal jurisdiction under it, extensively in *United Agricultural Services v. Scherer*, 17 S.W.3d 252, 255-58 (Tenn. Ct. App. 1999). In that case we stated:

> T.C.A. § 20-2-214(a) . . . . Jurisdiction of persons unavailable to personal service in state--Classes of action to which applicable.--(a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
>
> (1) The transaction of any business within the state;
>
> \* \* \*
>
> (6) Any basis not inconsistent with the constitution of this state or of the United States;
>
> In addition, T.C.A. § 20-2-223 provides in pertinent part:

20-2-223. Personal jurisdiction based on conduct. - (a) A court may exercise personal jurisdiction over a person, who acts directly or indirectly, as to a claim for relief arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or things in this state;

* * *

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against that person.

The Tennessee long-arm statute confers jurisdiction to the full extent allowable under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. *Southland Express, Inc. v. Scrap Metal Buyers of Tampa, Inc.*, 895 S.W.2d 335, 338 (Tenn. App. 1994).

In determining whether a court may assert *in personam* jurisdiction over a nonresident defendant, due process requires that the defendant have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945); *J.I. Case Corp. v. Williams*, 832 S.W.2d 530, 531-32 (Tenn. 1992). The Due Process Clause requires "fair warning that a particular activity may subject [the defendant] to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218, 97 S. Ct. 2569, 2587, 53 L. Ed. 2d 683 (1977) (Stevens, J. concurring)).

Courts recognize two types of *in personam* jurisdiction: general jurisdiction and specific jurisdiction. *Third Nat'l Bank in Nashville v. Wedge Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989); *Shoney's Inc. v. Chic Can Enter.*, 922 S.W.2d 530, 537 (Tenn. App. 1995). When a state exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the state is exercising "general jurisdiction" over the defendant. *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S. Ct. 1868, 1872 n. 9, 80 L. Ed. 2d 404 (1984). When a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the state is exercising "specific jurisdiction" over the defendant. Id. at 414 n. 8, 104 S. Ct. at 1872 n. 8.

For a court to exercise general *in personam* jurisdiction over a nonresident defendant without violating the requirements of the Due Process Clause, the proof must show that the defendant maintains "continuous and systematic" contacts with the foreign state. *International Shoe Co.*, 326 U.S. at 317, 66 S. Ct. at 159; *J.I. Case Corp.*, 832 S.W.2d at 532. "While it has been held in cases

. . . that continuous activity of some sort within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity, there have been instances in which the continuous corporate operations within a state were thought to be so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *International Shoe Co.*, 326 U.S. at 318, 66 S. Ct. at 159.

However, in the absence of general jurisdiction resulting from continuous and systematic contacts with the forum state, specific *in personam* jurisdiction still may be found when a commercial actor purposely directs his activities toward citizens of the forum state and litigation results from injuries arising out of or relating to those activities. *Burger King Corp.*, 471 U.S. at 472, 105 S. Ct. at 2182; *J.I. Case Corp.*, 832 S.W.2d at 532. In such a case, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490; *Shoney's, Inc.*, 922 S.W.2d at 536.

When a controversy is related to or "arises out of" a defendant's contacts with the forum, the United States Supreme Court has said that a "relationship among the defendant, the forum, and the litigation" is the essential foundation of in personam jurisdiction. *Helicopteros Nacionales*, 466 U.S. at 414, 104 S. Ct. at 1872 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 2579, 53 L. Ed. 2d 683 (1977)).

In *Masada Inv. Corp. v. Allen*, 697 S.W.2d 332 (Tenn. 1985), the Tennessee Supreme Court faced the question of jurisdiction of a malpractice suit against a Texas lawyer who had prepared an inaccurate deed for the transfer of real estate in Memphis, Tennessee at the request of a Tennessee resident. *Allen*, 697 S.W.2d at 333. The Court stated:

> A three-pronged test had been developed to determine the outer limits of personal jurisdiction based on a single act: the defendant must purposefully avail himself of the privilege of acting in or causing a consequence in the forum State; the cause of action must arise from the defendant's activities there; and defendant's acts or consequences must have a substantial connection with the forum to make the exercise of jurisdiction reasonable. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). Subsection (6) [of the Tennessee long-arm statute] changed the long-arm statute from a "single act" statute to a "minimum contacts" statute which expanded the jurisdiction of Tennessee courts to the full limit allowed by due process. *Shelby Mutual Ins. Co. v. Moore*, 645 S.W.2d 242, 245 (Tenn. App. 1981). That decision, quoting extensively from *Gullett v. Qantas Airways Ltd.*, 417 F. Supp. 490 (M.D. Tenn. 1975), noted that the *Mohasco* test was now too restrictive. The *Moore* court noted that three primary factors are to be considered in determining whether the requisite minimum contacts

were present: the quantity of the contacts, their nature and quality, and the source and connection of the cause of action with those contacts. Two lesser factors to be considered are the interest of the forum State and convenience. The *Moore* court concluded:

> The phrase "fair play and substantial justice" must be viewed in terms of whether it is fair and substantially just to both parties to have the case tried in the state where the plaintiff has chosen to bring the action. In each case, the quality and nature of those activities in relation to the fair and orderly administration of the law must be weighed. As stated above in *Qantas*, this must involve some subjective value judgment by the courts.
> 645 S.W.2d at 246.

*Masada Inv. Corp.*, 697 S.W.2d at 334-35. The *Masada* Court concluded that "by willfully and knowingly choosing to prepare legal documents which would be filed in Tennessee and be of great consequence here, Allen purposely availed himself of the privilege of doing business within this state." *Masada*, 697 S.W.2d at 335. The Court stated that "Tennessee has substantial interest in the outcome of this litigation and is the most convenient forum since this action involves a Tennessee defendant, WTFF, Tennessee property, and is controlled by Tennessee law." *Id*.

In *Burger King Corp.*, the United States Supreme Court stated:

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S. Ct. 1473, 1478, 79 L. Ed. 2d 790 (1984), and the litigation results from alleged injuries that "arise out of or relate to" those activities, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, [*258] 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). . . . And with respect to interstate contractual obligations, we have emphasized that parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to regulation and sanctions in the other State for the consequences of their activities. *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647, 70 S. Ct. 927, 929, 94 L. Ed. 1154 (1950). See also *McGee v. International Life Insurance Co.*, 355 U.S. 220, 222-223, 78 S. Ct. 199, 200-201, 2 L. Ed. 2d 223 (1957).

* * *

In defining when it is that a potential defendant should "reasonably anticipate" out-of-state litigation, the Court frequently has drawn from the reasoning of *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-1240, 2 L. Ed. 2d 1283 (1958):

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

> This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. at 774, 104 S. Ct. at 1478; *World-Wide Volkswagen Corp. v. Woodson*, *supra*, 444 U.S. at 299, 100 S. Ct. at 568, or of the "unilateral activity of another party or a third person," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, *supra*, 466 U.S. at 417, 104 S. Ct. at 1873. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State. *McGee v. International Life Insurance Co.*, *supra*, 355 U.S. at 223, 78 S. Ct. at 201; see also *Kulko v. California Superior Court*, 436 U.S. 84, 94, n.7, 98 S. Ct. 1690, 1698, n.7, 56 L. Ed. 2d 132. Thus where the defendant "deliberately" has engaged in significant activities within a State, *Keeton v. Hustler Magazine, Inc.*, *supra*, 465 U.S. at 781, 104 S. Ct. at 1481, or has created "continuing obligations" between himself and residents of the forum, *Travelers Health Assn. v. Virginia*, 339 U.S. at 648, 70 S. Ct. at 929, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

> * * *

*Burger King Corp.*, 471 U.S. at 472-76, 105 S. Ct. at 2182-84.

Appellants contend that under these principles the trial court erred in asserting personal jurisdiction over them while Appellees contend that, under these very same principles, the trial court was correct. Both parties agree that the Appellants' contacts with the state of Tennessee consist of Ms. Stivers extensive medical care at the Med in Memphis and the Attorneys' two letters to

-6-

Tennessee requesting statements of the medical care Ms. Stivers received. We find that neither of these parties has maintained "continuous and systematic" contacts with the state of Tennessee and that this suit arises out of the contacts the Appellants have made with Tennessee. Therefore, we find that the exercise of general *in personam* jurisdiction over the Appellants is not proper.

As to the exercise of specific jurisdiction over the Appellants, we will apply the test outlined above to each in turn. As to Ms. Stivers, we find that her contacts with the state of Tennessee are sufficient to exercise personal jurisdiction over her and are not "random," "fortuitous" or "attenuated," such that the "fair warning" requirement for specific personal jurisdiction is satisfied. *Keeton*, 465 U.S. at 774. In this case, Allstate's claim arises from the medical treatment Ms. Stivers received and the expenses she incurred. The hospital lien and the controversy itself would not exist absent Ms. Stivers' contact with Tennessee. By receiving valuable medical treatment at the Med in Memphis, and by agreeing to pay for that treatment, she has purposefully availed herself of conducting activities in the state of Tennessee taking advantage of the benefits of its laws. As such, Ms. Stivers is subject to personal jurisdiction pursuant to the Tennessee long arm statute, T.C.A. § 20-2-214(a).

Turning now to Mr. William Holt and the Gary Eubanks and Associates Law Firm, this court finds that the contacts of the Attorneys are insufficient to exercise specific personal jurisdiction. The Gary Eubanks and Associates Law Firm was retained by Ms. Stivers to represent her against the driver of the vehicle causing her injuries, Jesse Martin Ozbun. The firm does business in the state of Arkansas, having no attorneys who are licensed to practice law in the state of Tennessee. In addition, the firm conducts no business in Tennessee nor does the firm advertise its services in the state of Tennessee. The same holds true for Mr. Holt, the President of Gary Eubanks and Associates. The only contacts the Attorneys had with the state of Tennessee were two letters sent to residents of Tennessee. The first, dated June 9, 1997, was sent to the Elvis Presley Trauma Center requesting an itemized statement of medical bills. The second, dated July 11, 1997, was sent to the Med requesting a list of medical services their client, Ms. Stivers, required after her automobile accident. These mailings alone do not constitute sufficient contact with Tennessee to find that the Attorneys have "purposefully availed" themselves of conducting activities in Tennessee. The letters were written, presumably, in furtherance of Ms. Stivers' representation against the driver with which she had an accident and not to conduct business in Tennessee "invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Therefore, the Attorneys have not had sufficient "minimum contacts" with the state of Tennessee to warrant exercising specific personal jurisdiction over them.

Appellee also raises several issues unrelated to personal jurisdiction in its brief. This Court in *Smith v. Hukowicz*, No. M2001-01320-COA-R9-CV, 2003 WL 132483 (Tenn. Ct. App. Jan. 16, 2003), recently held:

> This is an interlocutory appeal granted under Rule 9 of the Tennessee
> Rules of Appellate Procedure. As such, the scope of issues that may
> be raised differs from an appeal as of right under Rule 3. *Heatherly*

*v. Merrimack Mutal Fire Insurance Co.*, 43 S.W.3d 911, 914 (Tenn. Ct. App. 2000). In a Rule 3 appeal, both parties have "broad latitude with regard to the issues they can raise," subject to Rules 3(e) and 13(b). *Id.* Such latitude does not exist in a Rule 9 appeal where "the only issues that can be raised are those certified in the trial court's order granting permission to seek an interlocutory appeal and in the appellate court's order granting the interlocutory appeal." *Id.*

An examination of the trial court's order granting this interlocutory appeal shows that it is for review of the trial court's exercise of personal jurisdiction over the Appellants. Thus, Appellee's additional issues are not properly before this Court and will not be addressed.

### Conclusion

We affirm the decision of the court below with regard to Ms. Stivers but reverse the decision with respect to William G. Holt and the Gary Eubanks and Associates Law Firm. Costs on this appeal are taxed one-half to the Appellant, Teresa Stivers, and one-half to the Appellee, Allstate Insurance Company, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE