IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 18, 2004

## ELORIS WILLIAMS PRESLEY v. CHARLES RAY SATTLER

**Appeal from the Circuit Court for Davidson County**
**No. 02C-2584     Carol Soloman, Judge**

---

**No. M2002-02868-COA-R3-CV- Filed August 23, 2005**

---

This appeal involves a former wife's efforts to recover damages from her former husband for misdeeds during their marriage and following their divorce. Approximately ten years after the parties' divorce in Louisiana, the former wife filed a pro se complaint in the Circuit Court for Davidson County seeking to recover $10,000,000 from her former husband for "eight years of trauma and distress, abuse and torture." The former husband filed a pro se "exception" to the trial court's subject matter jurisdiction. The trial court dismissed the complaint, and the former wife has appealed. We affirm the dismissal of the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Eloris Williams Presley, Madison, Tennessee, Pro Se.

Charles Sattler, Eunice, Louisiana, Pro Se.

### MEMORANDUM OPINION[1]

### I.

Laurie Elizabeth Williams, now known as Colonel Eloris Williams Presley, and Charles Ray Sattler lived with their children in Louisiana. When they separated in 1987, the parties' children resided with Colonel Presley. In 1988, Colonel Presley was severely injured when her automobile was struck by a truck. The parties were eventually divorced in 1992 in Louisiana. Two years later,

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the Louisiana court entered an order granting Mr. Sattler primary residential custody of the parties' children.

Colonel Presley eventually moved to Middle Tennessee. On September 12, 2002, she filed a pro se complaint against Mr. Sattler in the Circuit Court for Davidson County seeking $10,000,000 for "eight years of trauma and distress, abuse and torture" and for "the tumulteous [sic] marriage of abuse and torture." On November 6, 2002, Mr. Sattler, also representing himself, filed "exceptions" to the complaint in which he asserted that the trial court lacked subject matter jurisdiction over Colonel Presley's complaint because it was "based on domestic litigation wherein the State of Louisiana, Parish of Livingston retained and sole original subject matter jurisdiction." The trial court entered an order on November 7, 2002, dismissing Colonel Presley's complaint because the "original divorce is not in the Eighth Circuit Court of Davidson County, Tennessee." Colonel Presley has appealed.

## II.

Courts may not adjudicate a civil claim without subject matter jurisdiction and jurisdiction over the parties. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994). These two jurisdictional requirements are quite different. Subject matter jurisdiction relates to the court's power and authority to adjudicate the particular claim. *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). Personal jurisdiction relates to the court's authority over the parties themselves. *Landers v. Jones*, 872 S.W.2d at 675. Issues involving subject matter jurisdiction and personal jurisdiction are purely questions of law. Accordingly, a trial court's decision regarding these issues is not entitled to a presumption of correctness on appeal. *Jordan v. Jordan*, No. W2002-00854-COA-R3-CV, at *3 (Tenn. Ct. App. Feb. 19, 2003) (No Tenn. R. App. P. 11 application filed); *Southwest Williamson County Cmty. Ass'n v. Saltsman*, 66 S.W.3d 872, 876 (Tenn. Ct. App. 2001).

There is no question that the trial court has subject matter jurisdiction to adjudicate claims for money damages arising out of intentional or negligent tortious acts. Accordingly, the trial court clearly had the authority to adjudicate claims of the type Colonel Presley was asserting. The same cannot be said for the trial court's jurisdiction over Mr. Sattler.

A court in Tennessee cannot exercise personal jurisdiction over a non-resident party unless the non-resident party has sufficient minimum contacts with the State to warrant the exercise of personal jurisdiction. *Chenault v. Walker*, 36 S.W.3d 45, 53 (Tenn. 2001); *J. I. Case Corp. v. Williams*, 832 S.W.2d 530, 531-32 (Tenn. 1992). The plaintiff has the burden of demonstrating that the non-resident party has sufficient minimum contacts with Tennessee to warrant the exercise of personal jurisdiction. *Roderick v. Roderick*, 776 S.W.2d 533, 535 (Tenn. Ct. App. 1989).

The record in this case indicates that Mr. Sattler has been a resident of Louisiana for the entire period of time relevant to Colonel Presley's claims. Colonel Presley has failed to demonstrate that any of the conduct giving rise to her claims occurred in Tennessee or any other contacts with Tennessee that Mr. Sattler might have had that would justify a Tennessee court exercising personal

jurisdiction over him. Accordingly, the trial court reached the correct result when it dismissed her complaint.[2]

## III.

We affirm the dismissal of Colonel Presley's complaint and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Eloris Williams Presley, formerly known as Laurie Elizabeth Williams, for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., P.J., M.S.

---

[2]The trial court dismissed Colonel Presley's complaint because "[t]he original divorce is not in the Eighth Circuit Court of Davidson County, Tennessee." The fact that the original divorce was not filed in trial court does not provide a basis for dismissing Colonel Presley's complaint seeking damages for tortious conduct before and after the parties' divorce. However, the Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App. 1999); *Allen v. National Bank of Newport*, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992); *Clark v. Metropolitan Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991).