

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 21, 2017 Session

## J. ALEXANDER'S HOLDINGS, LLC v. REPUBLIC SERVICES, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 16C1099       Thomas W. Brothers, Judge**
_____

**No. M2016-01526-COA-R3-CV**
_____

A Tennessee company brought an action in the Davidson County General Sessions Court against an Arizona company for breach of contract and negligence, seeking recovery for damage to plaintiff's restaurant, which was located in Michigan. The case was dismissed on the ground of improper venue. Plaintiff appealed to the circuit court, which granted summary judgment to defendants on the basis of improper venue, lack of personal jurisdiction, and *forum non conveniens*. Plaintiff appeals. We reverse the holdings that the trial court lacked personal jurisdiction over the defendant and that venue was improper; we affirm the dismissal on the ground of *forum non conveniens* and vacate the denial of the motion to amend the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed
in Part, Vacated in Part, and Affirmed in Part**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P. J., M. S., and ANDY D. BENNETT, J., joined.

Timothy L. Warnock and D. Andrew Curtis, Nashville, Tennessee, for the appellant, J. Alexander's Holdings, LLC.

Marc H. Harwell, Chattanooga, Tennessee; and Jordan T. Puryear, Nashville, Tennessee, for the appellee, Republic Services, Inc.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

This case arises from an incident in which a driver for Republic Services Inc. ("Republic"), in the process of retrieving the dumpster at a J. Alexander's restaurant in

Livonia, Michigan in November 2014, allegedly hit the restaurant, causing damage. J. Alexander's Holdings, LLC ("J. Alexander's") notified Republic of the damage and requested payment but Republic did not pay. J. Alexander's filed suit against Republic in Davidson County General Sessions Court for "[b]reach of contract and negligence for property damage to Plaintiff's restaurant in the amount of $13,800, plus attorney's fees and costs." Republic moved to dismiss the case for improper venue and, following a hearing, the court granted the motion and dismissed the case with prejudice.[1]

J. Alexander's appealed to the circuit court and moved to amend the complaint to seek a declaratory judgment and to add a claim for punitive damages. Republic filed a "Motion for Summary Judgment and Response to Plaintiff's Motion for Leave to Amend Complaint," in which it asked the court to deny J. Alexander's motion to amend due to futility "because venue is improper under Tenn. Code Ann. § 20-4-104" and because dismissal was warranted pursuant to the doctrine of *forum non conveniens*. Republic moved that summary judgment be granted on the same grounds, supporting the motion with a statement of undisputed facts and the affidavit of Matthew Marquis, Republic's Director of Operations for the Great Lakes area of Michigan. In answer to the motion for summary judgment, J. Alexander's filed a response to the statement of undisputed facts, two declarations of Mark Parkey, Executive Vice-President and Chief Financial Officer of J. Alexander's, and the declaration of Cassie Madden, its counsel. In due course, the court entered an order granting Republic's motion and dismissing the case without prejudice; the court denied J. Alexander's motion to amend "on account of futility."

J. Alexander's filed a timely notice of appeal and articulates the following issues for our review:

1. Did the Trial Court err in granting summary judgment for lack of personal jurisdiction when Republic never raised the defense and actively participated in the litigation?
2. Did the Trial Court err in granting summary judgment for improper venue when J. Alexander's presented proof that Republic transacts business in Tennessee but does not have a registered agent in Tennessee and, thus, established that venue in Davidson County was proper pursuant to Tenn. Code Ann. §§ 20-4-104(3) and 48-15-104 and Republic presented no competent proof otherwise?
3. Did the Trial Court err in granting summary judgment pursuant to the doctrine of *forum non conveniens* when Republic presented no competent proof whatsoever related to the pertinent private or public factors and, as such, the Trial Court did not consider the private or public factors?

---

[1] In general sessions court, the parties filed several pleadings in addition to the warrant that initiated the case; those pleadings were included in the circuit court record and as part of the record in this appeal.

4. Did the Trial Court err in denying Plaintiff's Motion to Amend as futile?

## II. DISCUSSION

In the order being appealed, the court granted Republic's motion for summary judgment, holding that it did not have personal jurisdiction over Republic under the long-arm statute, Tennessee Code Annotated section 20-2-214;[2] that venue in Davidson County was improper under Tennessee Code Annotated section 20-4-104; and that dismissal was appropriate pursuant to the doctrine of *forum non conveniens*.

Issues such as venue and personal jurisdiction, however, are threshold issues and therefore should be raised and decided using the procedures applicable to Rules 12.02(2) and 12.02(3) of the Tennessee Rules of Civil Procedure rather than in a motion for summary judgment under Rule 56. *See Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 643 (Tenn. 2009);[3] *State v. NV Sumatra Tobacco Trading Co.*, 403 S.W.3d 726, 739 (Tenn. 2013). Consistent with the instruction that motions should be construed based on their substance rather than their title, *Gordon*, 300 S.W.3d at 643, we resolve Republic's motion as one to dismiss for lack of personal jurisdiction in accordance with Rule 12.02(2) and for improper venue in accordance with Rule 12.02(3).

The trial court's decisions on motions to dismiss for lack of personal jurisdiction and venue are questions of law, which are reviewed *de novo*. *S. Constructors, Inc. v. Loudon Cnty. Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001) (venue); *First Cmty. Bank, N.A. v. First Tennessee Bank, N.A.*, 489 S.W.3d 369, 382 (Tenn. 2015), *cert. denied sub nom. Fitch Ratings, Inc. v. First Cmty. Bank, N.A.*, 136 S. Ct. 2511, 195 L. Ed. 2d 841 (2016) (personal jurisdiction). In considering such motions, a trial court is not limited to the pleadings, but may consider affidavits and other evidence filed in support of or in opposition to the motion. *NV Sumatra Tobacco Trading Co.*, 403 S.W.3d at 739; *Thomas v. Mayfield*, No. M2000-02533-COA-R3-CV, 2004 WL 904080, at *7 (Tenn. Ct. App. Apr. 27, 2004); *Humphreys v. Selvey,* 154 S.W.3d 544, 550 (Tenn. Ct. App. 2004); *Manufacturers Consolidation Serv., Inc. v. Rodell,* 42 S.W.3d 846, 854-55 (Tenn. Ct.

---

[2] Though the statute is not referenced in the order, the court cited the statute in its oral ruling.

[3] Our Supreme Court in *Gordon* stated:

> "Unlike Tenn. R. Civ. P. 12.02(6) motions for failure to state a claim that are supported or opposed by matters outside the pleadings and Tenn. R. Civ. P. 12.03 motions for judgment on the pleadings, Tenn. R. Civ. P. 12.02(2) [and 12.02(3)] motions are not converted to motions for summary judgment when either or both parties submit matters outside the pleadings either in support of or in opposition to the motion."

*Gordon,* 300 S.W.3d at 642 (citing *Chenault v. Walker,* 36 S.W.3d 45, 55 (Tenn. 2001); *see also* Tenn. R. Civ. P. 12.02.

3

App. 2000)). The allegations of the nonmoving party's affidavits are taken as true and all factual disputes are resolved in its favor. *Humphreys,* 154 S.W.3d at 548-49 (venue); *NV Sumatra Tobacco Trading Co.*, 403 S.W.3d at 739 (personal jurisdiction). The court must determine "that the [plaintiff] has shown, by a preponderance of the evidence, that Tennessee courts may properly exercise jurisdiction over [the defendant]." *NV Sumatra Tobacco Trading Co.*, 403 S.W.3d at 739. Similarly, when venue is challenged, it is the plaintiff's ultimate burden to demonstrate that venue is proper. *Cohn Law Firm v. YP Se. Advert. & Publ'g,* LLC, No. W2014-01871-COA-R3-CV, 2015 WL 3883242, at *3 (Tenn. Ct. App. June 24, 2015).

Application of the doctrine of *forum non conveniens* is a matter of discretion, and we review a trial court's decision in that regard under the abuse of discretion standard. *Zurick v. Inman*, 426 S.W.2d 767, 772 (Tenn. 1968); *Pantuso v. Wright Med. Tech. Inc.,* 485 S.W.3d 883, 888 (Tenn. Ct. App. 2015), *perm. app. denied* (Jan. 14, 2016). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

## A. Personal Jurisdiction

As an initial matter, we address J. Alexander's argument that the court erred in considering the issue of personal jurisdiction *sua sponte* because Republic did not assert it as a defense. The record belies this assertion. In the motion to dismiss filed in the general sessions court, Republic cited Tennessee Code Annotated section 20-2-214,[4] the

---

[4] Tennessee Code Annotated section 20-2-214 states:

(a) Persons who are nonresidents of this state and residents of this state who are outside the state and cannot be personally served with process within this state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
  (1) The transaction of any business within this state;
  (2) Any tortious act or omission within this state;
  (3) The ownership or possession of any interest in property located within this state;
  (4) Entering into any contract of insurance, indemnity or guaranty covering any person, property or risk located within this state at the time of contracting;
  (5) Entering into a contract for services to be rendered or for materials to be furnished in this state;
  (6) Any basis not inconsistent with the constitution of this state or of the United States;
  (7) Any action of divorce, annulment or separate maintenance where the parties lived in the marital relationship within this state, notwithstanding one party's subsequent departure from this state, as to all obligations arising for alimony,

4

Tennessee long-arm statute, in support of its argument that Republic was not subject to the jurisdiction of Tennessee courts because the claim did not arise under the circumstances specified at section 20-2-214(a)(1) and (2); it reiterated this argument in the memorandum in support of the motion for summary judgment it filed in the circuit court. In its oral ruling on that motion, the court noted that J. Alexander's had not responded to Republic's argument in that regard. Thus, the record shows that the court did not raise the issue of personal jurisdiction *sua sponte*; consequently, we proceed to address the question of whether the court had personal jurisdiction over Republic.[5]

Personal jurisdiction "refers to the court's authority to adjudicate the claim as to the person," *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994) (citing *Cooper v. Reynolds,* 77 U.S. 308 (1870); *Turpin v. Conner Bros. Excavating Co., Inc.,* 761 S.W.2d 296, 297 (Tenn.1988). Personal jurisdiction may be obtained by service of process under the Tennessee long-arm statute (Tenn. Code Ann. § 20-2-214(a)) "if, and only if, the non-resident defendant has such minimum contacts with this state that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Landers*, 872 S.W.2d at 675 (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *J.I. Case Corp. v. Williams,* 832 S.W.2d 530, 531 (Tenn. 1992)).

Plaintiff's burden to show personal jurisdiction "is ordinarily not a heavy one, because personal jurisdiction need only be demonstrated by a preponderance of the evidence." *Id.* "When the issue of personal jurisdiction arises, due process obligates the courts to ascertain whether it is 'fair and substantially just to both parties to have the case tried in the state where the plaintiff has chosen to bring the action.'" *First Cmty. Bank, N.A.* 489 S.W.3d at 383 (quoting *Gordon,* 300 S.W.3d at 646).

There are two types of personal jurisdiction: general and specific. The exercise of general personal jurisdiction "is appropriate when the plaintiff's cause of action does not arise from and is not related to the defendant's contacts with the forum state"; specific personal jurisdiction applies "when a plaintiff's cause of action is based on the defendant's activities in or contacts with the forum state." *Gordon*, 300 S.W.3d at 648. Inasmuch as the incident giving rise to this suit occurred when the truck hit the restaurant in Michigan, it does not arise out of or relate to Republic's contacts with Tennessee; accordingly, we resolve this issue as a matter of general jurisdiction.

---

custody, child support or marital dissolution agreement, if the other party to the marital relationship continues to reside in this state.

(b) As used in this section, "person" includes corporations and all other entities that would be subject to service of process if present in this state.

(c) Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner described in subsection (a) through an agent or personal representative.

[5] Our holding on this issue also addresses Republic's argument that the defense was waived.

A succinct statement of the analysis we employ to resolve this issue is set forth in *First Cmty. Bank, N.A. v. First Tennessee Bank, N.A*:

> . . . [T]he appropriate determination of whether a nonresident corporation may be subject to general personal jurisdiction in Tennessee is whether the corporation has continuous and systematic contacts with Tennessee so substantial as to render the corporation "essentially at home" here in such a way which does not offend traditional notions of fair play and substantial justice. The determination of whether a nonresident defendant's contacts are substantial enough to give rise to general jurisdiction is "extremely fact dependent" and "entails a careful, non-mechanical evaluation of the facts with particular focus on the nonresident defendant's contacts with the forum state."

489 S.W.3d 369 at 385 (internal citations omitted).

In its statement of undisputed facts, Republic relied upon the statements in Matthew Marquis' affidavit that the contract for the Livonia, Michigan restaurant was "between J. Alexander's Restaurant and Republic Services, Inc., d/b/a/ Allied Waste Services" and was executed in Pontiac, Michigan on August 30, 2011; that Republic "is not currently registered to do business in the State of Tennessee, nor does it transact business in the State of Tennessee"; and that "[t]he alleged accident that is the subject of the lawsuit occurred at Plaintiff's restaurant in Livonia, Michigan."

In response, J. Alexander's filed the declarations of Mark Parkey, which state that he signed five agreements between J. Alexander's and Republic for waste removal services, one for services at the Livonia, Michigan restaurant and four for services in Tennessee; that the four Tennessee agreements "[were] negotiated on behalf of J. Alexander's by a broker located in Franklin, Tennessee"; that all of the agreements were signed by him on behalf of J. Alexander's at the Nashville office of J. Alexander's; that "Republic Services provided and provides on a regular basis, waste management services to J. Alexander's restaurants in Tennessee"; and that "Republic sent invoices for services provided under each of these [four] contracts to Franklin, Tennessee for payment by J. Alexanders."[6] Four of the agreements, including the agreement for the Livonia, Michigan restaurant, are on a form prepared by and bearing the logo of Allied Waste Services;[7] the billing address listed on all five agreements is the same post office box in Franklin, Tennessee.

---

[6] The agreement for the Livonia, Michigan restaurant is attached to the affidavit of Mr. Marquis while the four agreements for the Tennessee restaurants are attached to the declaration of Mr. Parkey.

[7] In his affidavit, Mr. Marquis states that Republic does business as Allied Waste Services.

6

This evidence establishes that the parties had a contractual relationship whereby Republic was to provide waste removal services at J. Alexander's restaurants in Tennessee and Michigan, and that payment for such services would be made in Tennessee. The contacts within Tennessee engendered through the contractual relationship are continuous and systematic, as prescribed by *First Cmty. Bank, N.A.*, and are sufficient to give the court general personal jurisdiction over Republic.[8]

### B. Venue

"Venue is the personal privilege of a defendant to be sued in particular counties; it may be waived and is waived by a defendant who defends upon the merits without first interposing an objection to improper venue." *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Venue in this case is governed by Tennessee Code Annotated section 20-4-104, which reads:

> For all civil actions, if the defendant is not a natural person, the action shall be brought in:
>
> (1) The county where all or a substantial part of the events or omissions giving rise to the cause of action accrued;
> (2) The county where any defendant organized under the laws of this state maintains its principal office; or
> (3)(A) If the defendant is not organized under the laws of this state, the county where the defendant's registered agent for service of process is located; or
>> (B) If the defendant does not maintain a registered agent within this state, the county where the person designated by statute as the defendant's agent for service of process is located.

Tenn. Code Ann. § 20-4-104.

J. Alexander's argues, consistent with section 20-4-104(3)(B), that venue is proper in Davidson County because Republic transacts business in Tennessee but does not have a registered agent in Tennessee; citing the same statute, Republic argues that venue in Davidson County is not proper.

---

[8] While Republic argues in its brief that "The Tennessee Contracts are between Appellant and other corporate entities [of Republic Services] which are separate and distinct from Republic [Services, Inc.], and registered and authorized to do business in Tennessee," there is no citation to proof in the record to support this statement and, from our review of the record, we find none.

There is no dispute that Republic was not organized under Tennessee law; however, the contracts present in the record show that Republic has transacted business in Tennessee. Under this circumstance, Tennessee Code Annotated section 20-4-104(3)(B), read in conjunction with section 48-15-104(b),[9] operates to make the Secretary of State the registered agent for Republic because Republic does not have a registered agent in this state. Because the Secretary of State's office is in Davidson County, venue is proper in Davidson County.

## C. *Forum Non Conveniens*

"Generally speaking, *forum non conveniens* deals with the discretionary power of the court to decline to exercise a possessed jurisdiction whenever, because of varying factors, it appears that the controversy may be more suitably or conveniently tried elsewhere." *Pantuso,* 485 S.W.3d at 887 (quoting *Zurick*, 426 S.W.2d at 769). With respect to the doctrine of *forum non conveniens*, the Tennessee Supreme Court, in *Zurick v. Inman,* stated that "courts of general jurisdiction in Tennessee have inherent power to apply the doctrine of *forum non conveniens* as a ground for refusal to exercise jurisdiction over a cause of action arising beyond the boundaries of Tennessee." 426 S.W.2d at 771.

This doctrine "places a high burden on the defendant seeking dismissal; indeed, 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " *Pantuso* 485 S.W.3d at 887–88 (quoting *Zurick*, 426 S.W.2d at 772). The application of the doctrine is a matter within the trial court's discretion, and our review on appeal is limited to whether there has been an abuse of discretion. *Id.*

In *Pantuso*, this court discussed the doctrine of *forum non conveniens* at length:

[T]he *Zurick* Court set out a comprehensive test for determining whether the doctrine of *forum non conveniens* requires dismissal of an action in favor of another, more suitable forum. First, the doctrine "presupposes the court has jurisdiction of both the parties and the subject-matter." *Zurick*,

---

[9] That statute reads as follows:

(b) Whenever a domestic or foreign corporation authorized to do business in this state fails to appoint or maintain a registered agent in this state, whenever its registered agent cannot be found with reasonable diligence, whenever a foreign corporation shall transact business or conduct affairs in this state without first procuring a certificate of authority to do so from the secretary of state, or whenever the certificate of authority of a foreign corporation shall have been withdrawn or revoked, then the secretary of state shall be an agent of such corporation upon whom any such process, notice or demand may be served.

Tenn. Code Ann. § 48-15-104(b).

426 S.W.2d at 771. Next, there must exist "at least one forum other than the forum chosen where the plaintiff may bring his cause of action, and it is necessary the trial court determine such other forum is available." *Id.* at 772. If an alternative forum is established, the court must then consider the private interests of the litigants, which may include the enforceability of any judgment obtained; " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). In considering these factors, the court must "weigh relative advantages and obstacles to fair trial." *Zurick*, 426 S.W.2d at 771 (quoting *Gilbert*, 330 U.S. at 508, 67 S. Ct. 839). The Court explained that in considering these factors, the court's purpose is to ensure that "the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Zurick*, 426 S.W.2d at 772 (quoting *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839).

In addition to the private factors outlined above, the *Zurick* Court held that courts must also consider any applicable public factors. According to the Court:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Zurick*, 426 S.W.2d at 772 (quoting *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839).

*Pantuso* 485 S.W.3d at 888–89.

The cause of action in the instant case arose when the truck hit the J. Alexander's restaurant in Livonia, Michigan. We have determined that Republic is subject to personal jurisdiction in Tennessee and that venue is proper in Davidson County. The parties do not dispute that the Davidson County Circuit Court has subject matter jurisdiction and J. Alexander's does not argue that an alternative available forum does not exist in Michigan. Thus, the first two criteria of *Pantuso* are met.

Contending that Republic "presented no facts or competent proof in favor of its position," J. Alexander's argues that the trial court did not weigh the public and private factors discussed in *Pantuso*. We do not agree. The proof in the record pertinent to these factors consists of the affidavit of Matthew Marquis, who stated, "The alleged accident that is the subject of the lawsuit occurred at Plaintiff's restaurant in Livonia, Michigan, and all witnesses and evidence concerning the alleged accident are located in Livonia, Michigan." J. Alexander's did not file any countervailing proof on this point but asserted that it "intends to call witnesses at trial that are located at its corporate headquarters, located in Nashville, Tennessee."

In announcing its ruling, the court discussed the private factors and determined that all dictated in favor of Michigan as the forum jurisdiction; the court also held, without discussion, that the public factors favored Michigan. Upon the record before us, the court applied the relevant law and considered the private factors as well as the public factors. The determination that Michigan is a more favorable jurisdiction to adjudicate this case is supported by the record and is consistent with applicable law; the court did not abuse its discretion in dismissing this case pursuant to the doctrine of *forum non conveniens*.

### D. Motion to Amend

J. Alexander's also appeals the denial of the motion to amend the complaint. The proposed amendment sought an award of punitive damages and a declaratory judgment that "Republic's breach of the Agreement and failure to correct the damage caused to the Restaurant allows J. Alexander's to terminate the Agreement immediately without penalty." The claims sought to be added are not germane to our disposition of this appeal; however, we cannot conclude that the amendment would be "futile," as held by the trial court. In light of our disposition of this case, we have determined that the order denying the amendment should be vacated in order to permit J. Alexander's to pursue these claims should they choose to bring the action in Michigan.

10

**III. CONCLUSION**

For the foregoing reasons, we reverse the judgment holding that the trial court lacked personal jurisdiction and that venue was improper; we affirm the judgment dismissing the case on the basis of *forum non conveniens*; and we vacate the denial of J. Alexander's motion to amend.

_____
RICHARD H. DINKINS, JUDGE