IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 5, 2003 Session

## ALBERT GREGUREK, ET AL. v. SWOPE MOTORS, INC., ET AL.

**Direct Appeal from the Circuit Court for Marion County**
**No. 14252      J. Curtis Smith, Judge**

_____

**No. M2002-02854-COA-R3-CV - Filed September 5, 2003**

_____

This case involves an interlocutory appeal from the trial court's denial of the Defendant's Motion to Dismiss on grounds of lack of personal jurisdiction and/or Motion for Summary Judgment. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Roane Waring, III, Memphis, Tennessee, for the appellant, Swope Motors, Inc.

James B. M. Hooper, Chattanooga, Tennessee, for the appellees, Albert Gregurek and Sari Gregurek.

**OPINION**

As alleged in the amended complaint, the Appellees, Texas residents Albert Gregurek ("Mr. Gregurek") and Sari Gregurek ("Ms. Gregurek"), traveled from Indiana to Kentucky in route to Atlanta, Georgia on June 22, 1998. The Gregureks exited Interstate 65 in Elizabethton, Kentucky and drove to Appellant's, Swope Motors, Inc. ("Swope Motors"), repair shop for replacement of their truck's transmission line. While at Swope Motors, Ms. Gregurek told the service foreman that she and Mr. Gregurek would be stopping in Murfreesboro, Tennessee before continuing to Atlanta. On June 23, 1998, Ms. Gregurek picked up the repaired truck and began traveling through Tennessee.[1] As Ms. Gregurek was traveling down Interstate 24 on the eastern side of Monteagle Mountain, she began smelling smoke and pulled the truck and the trailer it was towing to the shoulder of the road. When she got out of the truck, she noticed that a fire had

---

[1] Because of the delay in their travel, Mr. Gregurek took a plane to Atlanta on the night of June 22 enabling him to attend work the next day.

started underneath the vehicle that eventually engulfed the truck and spread to the trailer causing a total loss of the attached vehicles.

Following the fiery incident, the Gregureks filed suit against Swope Motors in the Circuit Court of Marion County, Tennessee for negligence or in the alternative for breach of contract. In their answer, Swope Motors moved to dismiss the action or, in the alternative, for summary judgment for lack of personal jurisdiction. An affidavit of Swope Motors' president, Carl Swope, was filed along with the motion to dismiss. In the affidavit, Mr. Swope stated that Swope Motors does not have any offices in Tennessee, does not advertise in Tennessee, and does not direct service or products to Tennessee. The only contact with Tennessee that Mr. Swope mentioned was the occasional attendance of its employees at automobile auctions in Nashville. Additionally, in response to one of the Gregureks' interrogatories, Swope Motors answered that its repair records for 1998 contained seventeen customers with Tennessee addresses, and that for 1997 and 1998 combined, Swope Motors had 29,500 total customers. Based on this information, the trial court denied Swope Motors' motion. The trial court inferred from the fact that since seventeen customers were from Tennessee, Swope Motors derived substantial revenue and regularly solicited and performed services for Tennessee residents. As a result, the trial court held that personal jurisdiction over Swope Motors was proper under Tennessee's long-arm statute, specifically, Tenn. Code Ann. § 20-2-214 (1994) and § 20-2-223 (Supp. 2002). Subsequent to the denial of Swope Motors' motion, the trial court and this Court granted Swope Motors' motion to appeal by permission pursuant to rule 9 of the Tennessee Rules of Appellate Procedure.

## Issue

The sole issue for this interlocutory appeal is whether Tennessee has personal jurisdiction over Swope Motors for the cause of action that the Gregureks brought against them.

## Analysis

The trial court found jurisdiction over Swope Motors based on Tennessee's long-arm statute, Tenn. Code Ann. §§ 20-2-214, 20-2-223. Tennessee Code Annotated § 20-2-214 (1994) provides in pertinent part:

> (a)    Persons who are non-residents of Tennessee . . . are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
>> (1)    The transaction of any business within the state;
>> (2)    Any tortious act or omission within this state;
>> . . .
>> (6)    Any basis not inconsistent with the constitution of this state or of
> the United States;
>> . . .

(b)    "Person," as used herein, includes corporations and all other entities which would be subject to service of process if present in this state.

Tennessee Code Annotated § 20-2-223 (Supp. 2002) provides in pertinent part:

(a)    A court may exercise personal jurisdiction over a person, who acts directly or indirectly, as to a claim for relief arising from the person's:

. . .

(4)    Causing tortious in this state by an act or omission outside this state of the person *who regularly does or solicits business*, or engages in any other persistent course of conduct, or *derives substantial revenue* from goods used or consumed or services rendered, in this state; . . . . (emphasis added)

Tennessee's long-arm statute permits *in personam* jurisdiction so long as the Due Process Clause of the Fourteenth Amendment is satisfied. *J.I. Case Corp. v. Williams*, 832 S.W.2d 530, 532 (Tenn. 1992) (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 413–14 (1984)). Due Process requires that a nonresident defendant have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *J.I. Case*, 832 S.W.2d at 532.

Personal jurisdiction over a nonresident defendant may be exercised by either general or specific jurisdiction. *See Helicopteros*, 466 U.S. at 414; *Shoney's, Inc. v. Chic Can Enter.*, 922 S.W.2d 530, 537 (Tenn. Ct. App. 1995) (citing *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.* 882 F.2d 1087, 1089 (6th Cir. 1989)). General jurisdiction is exercised over a nonresident defendant in a suit that does not arise out of or relate to the contacts with the forum state but rather the defendant's contacts with the forum state are so "continuous and systematic" that jurisdiction is proper. *Helicopteros* 466 U.S. at 414 n.9; *International Shoe*, 326 U.S. at 317; *see also Shoney's* 922 S.W.2d at 537. Specific Jurisdiction is exercised over a defendant in a suit that directly arises out of or relates to one or more contacts that the defendant has with the forum. *Helicopteros*, 466 U.S. at 414 n.8.

In this case, the only contacts that Kentucky resident, Swope Motors, has with the forum state, Tennessee, are the seventeen customers that have Tennessee addresses and the occasional attendance of its employees at automobile auctions in Nashville. These contacts do not amount to the "continuous and systematic" contacts required to confer general jurisdiction over Swope Motors. *See Helicopteros*, 466 U.S. at 414 n.9; *International Shoe*, 326 U.S. at 317. If jurisdiction is to exist in this case, it must be specific. *See Shoney's*, 922 S.W.2d at 537.

The trial court found specific jurisdiction based on Tennessee's long-arm statute, specifically subsection (4) of Tennessee Code Annotated § 20-2-223. The order of the trial court states "Defendant was in the business of repairing vehicles and repaired seventeen vehicles in 1998 for individuals with Tennessee addresses. Based on these facts, this court infers that

defendant derived substantial income for services rendered to Tennessee residents and regularly solicited and performed services for Tennessee residents." The facts are undisputed in that the only contacts that Swope Motors had with Tennessee for 1998 was the occasional attendance of its employees to automobile auctions and the listing of seventeen customers with Tennessee addresses in Swope Motors' records. First, there are no facts to support a finding that Swope Motors regularly solicited business in Tennessee. Second, the fact that Swope Motors had seventeen Tennessee customers in 1998 out of Swope Motors' 29,500 customers for 1998 and the year prior or occasionally buying a car at a Tennessee auction cannot support a finding of regularly doing business in Tennessee. Finally, seventeen Tennessee customers in 1998 out of 29,500 for the same year and year prior cannot support a finding that Swope Motors derives substantial revenue from goods sold or services rendered in Tennessee.[2] As to the findings of the trial court that Swope Motors derived substantial revenue, regularly solicited services, and regularly performed services for residents of Tennessee, the evidence does not support a finding of any one of these three forms of contact required to confer personal jurisdiction.

---

[2]Subsection (4) of Tenn. Code Ann. § 20-2-223 was adopted in 1997. We have found no Tennessee decisions that define nor discuss what constitutes "substantial revenue." However, other jurisdictions have identical statutes as subsection (4) of Tenn. Code Ann. § 20-2-223 and provide examples of definition and application.

A federal district court addressing Ohio's equivalent of subsection (4) of Tenn. Code Ann. § 20-2-223 stated that "[t]he meaning of the word substantial 'is to be gauged by all the circumstances surrounding the transaction to which it has been used.' Varying with each non-resident business, the word 'substantial revenue' would not involve nor intend any fixed minimum." *Busch v. Serv. Plastics, Inc.*, 261 F. Supp. 136, 142 (N.D. Ohio 1966) (finding that annual sales between $100,000 and $200,000 constituted 'substantial revenue' for a given year) (citing 83 C.J.S. *Substantial* at p. 762 (1953)); *see also Kobill Airways Ltd. v. National Flight Services, Inc.*, 92 F.2d 689, 693 (N.D. Ohio 2000) ("The Court finds that the $475,000 sale price constitutes 'substantial revenue.'"); *Hoover Co. v. Robeson Indus. Corp.*, 904 F. Supp. 671, 674 (N.D. Ohio 1995) (finding that nearly $2,000 in commissions or 5% of the total commissions did not constitute 'substantial revenue'); *Mead Corp. v. Allendale Mut. Ins. Co.*, 465 F. Supp. 355, 360 (N.D. Ohio 1979) (finding $4,000,000 to $5,000,000 in sales as 'substantial revenue'); *Stewart v. Bus and Car Co.*, 293 F. Supp. 577, 583 (N.D. Ohio 1968) (sale of two businesses for $90,000 found to be 'substantial revenue'); *Sherry v. Geissler U. Pehr GmbH*, 651 N.E.2d 1383, 1387–88 (Ohio Ct. App. 1995) (finding that the sale of one winding machine did not constitute 'substantial revenue.'); *Pharmed Corp. v. Biologics, Inc.*, 646 N.E.2d 1167, 1171 (Ohio Ct. App. 1994) (finding that sales contract with an Ohio corporation for $13,500 constituted transacting business in Ohio, but was not 'substantial revenue'); *Ross v. Spiegel, Inc.*, 373 N.E.2d 1288, 1292–93 (Ohio Ct. App. 1977) (Ohio's proportionate share of $30,000,000 to $74,000,000 in national sales found to be 'substantial revenue'); *McHugh v. Prestodial, Inc.*, 241 N.E.2d 102, 104 (Ohio Ct. Com. Pl. 1968) ($4,475 sale plus $135 shipping found not to be 'substantial revenue')

The District of Columbia has an identical statute and a Federal district court adopted a qualitative test, that is a "comparison of the revenue relating to the locally used article and the total revenue is required." *Liberty Mut. Ins. Co. v. Am. Pecco Corp.*, 334 F. Supp. 522, 524 (D.D.C. 1971) (finding that the sale of one out of eighteen cranes constituted 'substantial revenue.'). The United States Court of Appeals for the District of Columbia agreed with the use of the qualitative test in construing the 'substantial revenue' provision of the District of Columbia code but added that "[a]lthough percentage of total sales may be a factor to be considered, it cannot be dispositive, for a small percentage of the sales of a corporate giant may indeed prove substantial in an absolute sense. On the other hand, it is difficult to identify an absolute amount which *ipso facto* must be deemed 'substantial.'" *Founding Church of Scientology of Washington, D.C. v. Verlag*, 536 F.2d 429, 432–33 (D.C. Cir. 1976) (finding that 26,000 or one percent of annual sales constituted 'substantial revenue') (quoting *Ajax Realty Corp. v. J. F. Zook, Inc.*, 493 F.2d 818, 822 (4th Cir. 1972).

-4-

**Conclusion**

In light of the foregoing, we hold that Tennessee does not have personal jurisdiction over the Appellant, Swope Motors.  Accordingly, the order of the trial court denying Defendant's motion is reversed.  Costs of this appeal are taxed to the Appellees, Albert Gregurek and Sari Gregurek.

_____

DAVID R. FARMER, JUDGE